

RECEIVED CASHIER

CLERK'S OFFICE USDC PR

2026 MAY 18 9:43

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

**CÉSAR E. CUEVAS SÁNCHEZ**
**Plaintiff**

v.

**AUTORIDAD DE ACUEDUCTOS Y**
**ALCANTARILLADOS**
**Defendant**

_____/

Civil Action No.: 26-1298 (PAD)

## COMPLAINT

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

Plaintiff, CÉSAR E. CUEVAS SÁNCHEZ ("Plaintiff"), a resident of Río Grande, Puerto Rico, brings this action against Defendant, AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS ("Defendant" or "AAA"), following receipt of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (EEOC).

This action arises from Defendant's unlawful discrimination based on disability, retaliation for engaging in protected activity, and wrongful termination after over twenty-five (25) years of dedicated service. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and applicable federal laws, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

This Court has supplemental jurisdiction over Plaintiff's Puerto Rico law claims pursuant to 28 U.S.C. § 1367, including Law 44 of 1985 and Law 115 of 1991.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Puerto Rico.

## III. PARTIES

Plaintiff is an adult resident of Río Grande, Puerto Rico, who was employed by Defendant for approximately twenty-five (25) years.

Defendant AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS is a public

corporation organized under the laws of the Commonwealth of Puerto Rico and an employer within the meaning of the ADA and applicable laws.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff began his employment with Defendant and faithfully served for over twenty-five (25) years.

2. Plaintiff has been a qualified individual with a disability under the ADA since at least 1996 as a result of a work-related accident documented through the State Insurance Fund Corporation (CFSE).

3. In 2012, Plaintiff underwent surgery for left shoulder rotator cuff injury. Approximately six months later, Plaintiff slipped, reinjured the same shoulder, and required a second surgery in 2013.". As a result of this work  related accident, as documented by the State Insurance Fund Corporation (CFSE)."

4. In 2016, Plaintiff developed an emotional condition related to his work environment, further substantiating his disability.

5. Despite his condition, Plaintiff continued performing his job duties and remained qualified for his position.

6. Plaintiff engaged in protected activity by filing multiple complaints with Human Resources regarding discriminatory and retaliatory conduct, including but not limited to letters dated January 4, 2019, January 24, 2019, January 30, 2019, and February 5, 2019.

7. On January 30, 2019, Plaintiff formally requested a re-evaluation, which constitutes protected activity under federal and Puerto Rico law.

8. Defendant ignored Plaintiff's complaints and failed to take corrective action.

9. Defendant conducted a prolonged and defective investigation lasting approximately 417 days, failing to follow proper procedures and demonstrating bias; investigation report date August 22, 2018, confirming plaintiff hand prior disciplinary record.

10. Defendant relied on an alleged incident dated January 12, 2018, as justification for adverse action.

11. Said incident was dismissed by a court with a finding of "no cause," establishing that the allegation was unfounded and pretextual.

12. Despite the dismissal and Plaintiff's protected activity, Defendant terminated Plaintiff.

13. The termination was motivated by Plaintiff's disability and his complaints of discrimination and retaliation.

14. Defendant's stated reasons for termination were false, pretextual, and intended to conceal unlawful discrimination and retaliation.

15. Defendant's actions were intentional, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights.

16. As a direct result of Defendant's conduct, Plaintiff suffered severe economic losses, including loss of income, benefits, and housing instability.

17. Plaintiff also suffered significant emotional distress, mental anguish, and deterioration of his health condition.

18. Plaintiff's condition worsened following termination, and he was declared disabled in March 2020, further impacting his ability to work and sustain himself.

## V. CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION (ADA)

Plaintiff realleges and incorporates all preceding paragraphs.

Defendant discriminated against Plaintiff on the basis of his disability by subjecting him to adverse employment actions, including termination.

Plaintiff was a qualified individual capable of performing his job with or without reasonable accommodation.

Defendant's actions violated the ADA, 42 U.S.C. § 12101 et seq.

### COUNT II - RETALIATION (ADA)

Plaintiff engaged in protected activity by opposing discriminatory practices and filing internal complaints.

Defendant took materially adverse action against Plaintiff, including termination.

There is a direct causal connection between Plaintiff's protected activity and the adverse actions taken.

Defendant's conduct constitutes unlawful retaliation in violation of the ADA.

### COUNT III - RETALIATION (LAW 115 OF 1991)

Plaintiff engaged in protected conduct under Puerto Rico law.

Defendant retaliated against Plaintiff for such conduct.

Defendants' actions violate Law 115 of 1991.

### COUNT IV - DISABILITY DISCRIMINATION (LAW 44 OF 1985)

Defendant discriminated against Plaintiff on the basis of disability in violation of Law 44.

## VI. DAMAGES

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is entitled to recover:

• Back pay and lost wages

- Front pay

- Loss of benefits and employment privileges

- Compensatory damages for emotional distress and mental anguish

- Liquidated damages as provided by law

- Punitive damages due to Defendant's willful, malicious, and reckless conduct

## VII. EXHIBITS

Plaintiff will rely on the following exhibits, which are incorporated by reference:

Exhibit A - Human Resources complaint letters (January-February 2019)

Exhibit B - Investigation records (including 417-day investigation)

Exhibit C - Court disposition of January 12, 2018, incident ("no cause")

Exhibit D - CFSE / State Insurance Fund medical records and disability documentation

Exhibit E - Termination documents

Exhibit F - Evidence of economic damages (income loss, housing, expenses)

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff

B. Award all damages available under law

C. Award punitive damages

D. Award costs, interest, and any other relief deemed just and proper.

E. Plaintiff hereby demands a trial by jury on all issues triable as of right

In Rio Grande, Puerto Rico, today *13 · MAYU - 2026*

CÉSAR E. CUEVAS SÁNCHEZ
Plaintiff, Pro Se
Urb. Alturas de Rio Grande
*CCS* Calle 6 #402, Rio Grande, PR 00745
787-642-1742

*C.C.S. Calle 9*